IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-52-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| BRYCE GLENN GRANBOIS, | |
| Defendant. | |

### I. Synopsis

Defendant Bryce Glenn Granbois (Granbois) has been accused of violating the conditions of his supervised release. Granbois admitted all of the alleged violations. Granbois's supervised release should be revoked. Granbois should be placed in custody for 8 months, with 20 months of supervised release to follow.

### II. Status

Granbois pleaded guilty to being a Felon in Possession of a Firearm on December 2, 2015. (Doc. 20). The Court sentenced Granbois to 57 months of custody, followed by 3 years of supervised release. (Doc. 28). Granbois's current term of supervised release began on May 20, 2020. (Doc. 44 at 2).

**Petition**

The United States Probation Office filed a Petition on July 21, 2020, requesting that the Court revoke Granbois's supervised release. (Doc. 44). The Petition alleged that Granbois had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by failing to report for substance abuse testing; 3) by failing to report for substance abuse treatment; 4) by failing to notify his probation officer of a change in residence; and 5) by failing to report to his probation officer as directed.

**Initial appearance**

Granbois appeared before the undersigned for his initial appearance on November 3, 2020. Granbois was represented by counsel. Granbois stated that he had read the petition and that he understood the allegations. Granbois waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 3, 2020. Granbois admitted that he had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by failing to report for substance abuse testing; 3) by failing to report for substance abuse treatment; 4) by failing to notify his probation officer

of a change in residence; and 5) by failing to report to his probation officer as directed. The violations are serious and warrant revocation of Granbois's supervised release.

Granbois's violations are Grade C violations. Granbois's criminal history category is IV. Granbois's underlying offense is a Class C felony. Granbois could be incarcerated for up to 24 months. Granbois could be ordered to remain on supervised release for up to 32 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Granbois's supervised release should be revoked. Granbois should be incarcerated for 8 months, with 20 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Granbois that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Granbois of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Granbois that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Bryce Glenn Granbois violated the conditions of his supervised release: by consuming alcohol; by failing to report for substance abuse testing; by failing to report for substance abuse treatment; by failing to notify his probation officer of a change in residence; and by failing to report to his probation officer as directed.

The Court **RECOMMENDS:**

That the District Court revoke Granbois's supervised release and commit Granbois to the custody of the United States Bureau of Prisons for 8 months, with 20 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 4th day of November, 2020.

John Johnston
United States Magistrate Judge